IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THE TERMINIX INTERNATIONAL
COMPANY, L.P. AND TERMINIX
INTERNATIONAL, INC.                                                    PETITIONERS

VS.                                    CASE NO. 05-CV-1065

GLENN CRISEL AND SHARON
CRISEL                                                                 RESPONDENTS

**MEMORANDUM OPINION**

Before the Court is Petitioners' Second Amended Petition To Compel Arbitration and To Stay State Court Action. (Doc. No. 8). Respondents have responded by filing a Motion to Dismiss. (Doc. Nos. 11 and 12). The Petitioners filed a response to Respondents' motion. (Doc. No. 19). The Court finds the matter ripe for consideration.

In June 2005, Respondents Glenn Crisel and Sharon Crisel ("Crisel") filed a multi-count civil complaint against the Petitioners, Terminix International, L.P. and Terminix International, Inc. ("Terminix"), in the Circuit Court of Union County, Arkansas. In their Complaint, Crisel alleged claims for fraud, breach of warranty, negligence and breach of contract, all arising from or relating to their written contract with Terminix for termite protection. On July 29, 2005, Terminix filed this action petitioning the Court, pursuant to the Federal Arbitration Act, 9 U.S.C. §§1 through 16, to compel Crisel to proceed to arbitration to resolve their disputed claims.[1] Terminix has also asked the Court to stay the Crisel's state court action pending the

---

[1] Terminix also filed a Notice of Removal (05-CV-1114) removing Crisel's state court action to this Court on November 16, 2005. The Notice of Removal was untimely.

completion of arbitration.

In its petition to compel arbitration, Terminix stated that the Court's jurisdiction was based upon diversity of citizenship pursuant to 28 U.S.C. §1332. It then proceeded to set out the citizenship of the parties involved. In doing so, Terminix identified one of its limited partners as Allied Bruce-Terminix, an Arkansas corporation with its principle place of business in Mobile, Alabama.

On August 15, 2005, Terminix filed an Amended Petition to Compel Arbitration removing Terminix International Company, L.P. as a party to the action. On October 12, 2005, Terminix filed a motion seeking leave to amend its petition to compel arbitration a second time in order to correct errors made by it in both its original and amended petitions concerning Terminix's ownership. On October 18, 2005, the Court granted Terminix's motion. Thereafter, on October 19, 2005, Terminix filed its Second Amended Petition to Compel Arbitration.

In its second amended petition, Terminix International Company, L.P. was again named as a plaintiff. However, in listing its limited partners, Allied Williams Companies, Inc. was listed instead of Allied Bruce-Terminix as one of the company's limited partners . Allied Williams is a Delaware corporation with its principal place of business in Mobile, Alabama.

In response to Terminix's Second Petition to Compel Arbitration, Crisel has filed a Motion to Dismiss. In its motion, Crisel argues that this Court should decline to exercise jurisdiction of this matter based upon the principles of judicial estoppel and the abstention doctrine.

---

Therefore, the state court action was remanded back to the Circuit Court of Union County, Arkansas on December 28, 2005.

DISCUSSION

I. RESPONDENTS' MOTION TO DISMISS

*Judicial Estoppel*

In this case, Terminix stated in it original petition that Allied-Bruce Terminix Companies, Inc. was a limited partner of Terminix International Company L.P. It also stated that Allied-Bruce was an Arkansas corporation with its principal place of business in Mobile, Alabama. Terminix then amended its petition to remove Allied-Bruce as a limited partner and replaced it with Allied Williams, a Delaware corporation with its principle place of business in Alabama. Crisel argues that in order to create diversity jurisdiction in this Court Terminix is taking a different position than it did previously in regards to the citizenship of its limited partners. In support of this argument Crisel points to a 2002 Alabama case in which Terminix states that Allied-Bruce was a limited partner of Terminix International. They also point to Terminix's original petition which states in a footnote that Allied-Bruce is a limited partner. Crisel asks that Terminix be judicially estopped from now changing its position.

Under the doctrine of judicial estoppel, a party is precluded from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding. The purpose of the doctrine "is to protect the integrity of the judicial process and to prevent parties from playing fast and loose with the courts by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine,* 532 U.S. 742, 749 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)(citations and internal quotations omitted). It is an equitable doctrine invoked by a court at its discretion and should not be invoked where a plaintiff's former position was the product of inadvertence or mistake. *Id.* at

3

750, 753 (citations omitted); *Taylor v. Comcast Cablevision of Arkansas, Inc.,* 252 F.Supp.2d 793, 796 (E.D. Ark. 2003). The Eighth Circuit has stated that judicial estoppel is not appropriate unless the judicial forum or process has been abused, and has expressed reluctance to apply the doctrine in the absence of knowing misrepresentation or fraud on the court. *Total Petroleum, Inc. v. Davis,* 822 F.2d 734, 738 n.6 (8th Cir. 1987). Therefore, the doctrine applies when there is an intentional or deliberate manipulation of the judicial process which can be inferred from the record. *Taylor,* 252 F.Supp.2d at 796 (*citing Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1287 (11th Cir. 2002)).

It appears from the record before the Court that in January 2001, Allied-Bruce became a limited partner of Terminix International. In December 2001, Allied-Bruce merged into Allied Williams Companies, Inc. Since that time, Allied-Bruce has not existed as a corporate entity and Allied Williams has been the limited partner of Terminix International. It also appears that Terminix has been deficient in keeping its corporate records current by updating them when such a merger or transfer occurs. This time lag in updating its records resulted in Terminix's incorrect statements as to its ownership composition and citizenship in both the original petition in this case and in the Alabama case. The Court believes that Terminix's prior position and misstatements were the products of inadvertence or mistake and were not an attempt by Terminix to manipulate the judicial process. Therefore, judicial estoppel is not appropriate in this case and Crisel's motion to dismiss based upon this doctrine should be denied. Since Terminix is not estopped from correctly identifying Allied Williams as its limited partner, diversity exists between Crisel and Terminix because Allied Williams is a Delaware corporation with its principal place of business in Alabama. Therefore, this matter is properly

before this Court pursuant to 28 U.S.C. §1332.

*Abstention Doctrine*

Crisel next argues that this Court should abstain from exercising its jurisdiction out of deference to their pending state court action. The Supreme Court has identified four categories of cases in which federal courts should abstain in deference to state courts proceedings. These categories include: 1) *Pullman* type cases that allow abstention to avoid a decision of a federal constitutional question where the case may be disposed of on questions of state law; 2) *Bulford* type cases that allow abstention to avoid needless conflict with administration by a state of its own affairs or policies; 3) *Younger* type cases that allow abstention to avoid interference in ongoing state criminal or quasi-criminal proceedings; and 4) *Colorado River* type cases that allow abstention to avoid duplicative litigation. *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *Buford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In reviewing the above doctrines, it is apparent that *Colorado River* is the only bases on which this Court might abstain from exercising its jurisdiction in this case.

Under *Colorado River,* the Supreme Court recognized a new limited class of "exceptional" cases in which "for reasons of wise judicial administration" and conservation of resources, a federal court should defer to concurrent state proceedings. *Colorado River,* 424 U.S. 818. However, [g]enerally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in

the Federal court having jurisdiction.'" *Id.* at 817 (citing *McCellen v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 54 L.Ed.2d 762 (1910). "Federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'" *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coop.,* 48 F.3d 294, 297 98th Cir. 1995)(quoting *Colorado River,* 424 U.S. at 817). Therefore, the abdication of a federal court's obligation to decide cases can only occur in "exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Colorado River,* 424 U.S. at 813. In determining whether "exceptional circumstances" exist supporting abstention, the federal court should consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. *Dominium Austin Partners, L.L.C. v. Emerson,* 248 F.3d 720, 727 (8th Cir. 2001)(citing *Colorado River,* 424 U.S. at 818-19). The balance of these factors should be weighted heavily in favor of deciding the case. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983). "Only the clearest of justifications will warrant dismissal." *Colorado River,* 424 U.S. at 818-19.

In applying these factors to this case, the Court does not find the requisite justification to warrant dismissal. First, there is no evidence that the parties are inconvenienced by being in this Court. Second, although the state court action was brought first, little has been done in the case because a similar motion to stay and compel arbitration has been filed by Terminix in state court. And, finally, there is a strong federal policy in favor of arbitration that requires giving full effect to arbitration clauses, even where that might lead to piecemeal litigation. *See Moses H. Cone,* 460 U.S. at 20. The Court finds that abstention in the present matter is unwarranted. Therefore,

Crisel's Motion to Dismiss should be denied.

## II. TERMINIX'S SECOND AMENDED PETITION TO COMPEL ARBITRATION AND TO STAY STATE COURT ACTION

Also before the Court is a petition filed on behalf of Terminix to compel Crisel to arbitration to resolve their claims arising out of their termite protection contract with Terminix and to stay the pending state court action filed by them in the Circuit Court of Union County, Arkansas. The petition is based upon the arbitration clause in the termite protection contract between Crisel and Terminix which specifies that any controversy or claim between them arising out of or relating to this agreement shall be settled exclusively by arbitration. It also states that the arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association and that the decision of the arbitrator will be the final and binding resolution of the parties' disagreement.

In deciding whether it should compel arbitration, a court's role is limited to determining "whether the parties entered into a valid agreement to arbitrate and if so, whether the existing dispute falls under the coverage of the agreement." *Gannon v. Circuit City Stores, Inc.,* 262 F.3d 677, 680 (8th Cir. 2001). In their response to Terminix's petition to compel arbitration, Crisel does not dispute that they have a written contract with Terminix that contains a valid arbitration clause nor do they dispute that their claims against Terminix fall under the scope of that clause. The Court agrees and finds that a valid agreement to arbitrate exists between the parties and the claims in question fall within its scope. Therefore, Terminix's petition to compel arbitration should be granted and Crisel should be compelled to proceed to arbitration in accordance with the term of the arbitration agreement between the parties.

Terminix also seeks a stay of Crisel's state court proceeding against Terminix pending completion of arbitration. The Anti-Injunction Act, 28 U.S.C. §2283, states that a court of the United States may not stay proceedings in a state court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. The Court believes that any decision in Respondents' state court proceeding has the possibility of interfering with this Court's continuing jurisdiction over its order to compel arbitration in this case. Therefore, a stay of the state court is necessary to preserve this Court's jurisdiction and to protect its judgment compelling the parties to arbitration.

## CONCLUSION

For the above stated reasons, Crisel's Motion to Dismiss (Doc. Nos. 11 and 12) is denied, Terminix's Second Amended Petition to Compel Arbitration and to Stay State Court Action (Doc. No. 8) is granted, the Crisel's claims are referred to arbitration, and their pending state court claims are stayed. A separate order of even date, in accordance with this opinion, shall be issued.

IT IS SO ORDERED, this 23rd day of August, 2006.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge