IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THE TERMINIX INTERNATIONAL
COMPANY, L.P. and TERMINIX
INTERNATIONAL, INC.                                                                    PETITIONER

VS.                                           CASE NO. 05-1065

GLENN CRISEL and SHARON CRISEL                                         RESPONDENTS

## MEMORANDUM OPINION

Before the Court is a Motion to Set Aside Order and to Reconsider Order filed by Glenn and Sharon Crisel. (Doc. 27). The Crisels ask the Court to set aside its order entering judgment in favor of The Terminix International Company, L.P., and Terminix International, Inc. (collectively referred to as "Terminix") on their Petition to Compel Arbitration. The Crisels further ask the Court to reconsider its order refusing to abstain from exercising jurisdiction in this case. Terminix has responded to the motion. (Doc. 30). A hearing regarding this motion was held on December 15, 2006. The Court finds the motion ripe for consideration.

## I. BACKGROUND

This lawsuit was filed by Terminix in an attempt to compel arbitration of a claim brought against Terminix by the Crisels. In 2006, the Court entered an order requiring the case to be submitted to arbitration and staying a lawsuit filed by the Crisels against Terminix in state court. (Doc. 26). The Crisels allege that the Court made the following three mistakes in its memorandum opinion accompanying the 2006 order: (1) the Court ignored a binding abstention decision by the Eighth Circuit; (2) the Court erroneously found that Terminix did not dispute the

validity of the arbitration agreement; and (3) the Court entered judgment against the Crisels prematurely and in violation of the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

The Crisels filed their motion pursuant to Federal Rule of Civil Procedure 59. Thus, the motion is one to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (stating that any motion that questions the correctness of a judgment is functionally a motion to alter or amend judgment under Rule 59(e)). Rule 59(e) allows parties to file a motion to alter or amend judgment no later than ten days after the entry of the judgment. Federal Rule of Civil Procedure 59(e) was adopted to make clear that a district court has the power to rectify its own mistakes in the period immediately following the entry of judgment. *Norman*, 79 F.3d at 750 (citing *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450, 102 S. Ct. 1162 (1982)). Thus, this type of motion is appropriate in cases where the court has based an order on a factual error. *Norman*. 79 F.3d at 750.

## III. DISCUSSION

*A. Abstention Doctrine*

First, the Court will examine the Crisels' argument that the Court ignored a binding abstention decision by the Eighth Circuit. The Crisels argue that the Court should decline to exercise its jurisdiction over this case and remand the case to state court because an unresolved issue of state law controls. This argument is based on the Crisels' interpretation of *Night Clubs, Inc. v. City of Fort Smith, Arkansas*, 163 F.3d 475 (8th Cir. 1998). In *Night Clubs*, the Eighth Circuit Court of Appeals explains the *Younger* abstention doctrine:

> In *Younger*, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings except in very unusual situations. The *Younger* doctrine has since been expanded to prohibit federal courts from interfering in certain pending state civil cases ....

*Night Clubs*, 163 F.3d at 79.

Three issues must be addressed in determining whether to invoke the *Younger* abstention doctrine: (1) whether the action complained of constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Id*. (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S. Ct. 2515, 73 L.Ed.2d. 116 (1982)). A federal court should abstain if all three questions are answered affirmatively unless it detects "'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Id*. (quoting *Middlesex*, 457 U.S. at 435, 102 S. Ct. 2515).

In its original order regarding abstention, the Court failed to apply a *Younger* analysis to this case. Instead the Court applied *Colorado River* and concluded that abstention in this case was unwarranted. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L.Ed. 483 (1976) (holding that a limited class of exceptional cases exist in which federal courts should abstain "for reasons of wise judicial administration" and conservation of resources). The Court failed to analyze the abstention issue under *Younger* and *Night Clubs*; nevertheless, the result regarding this issue is the same. Abstention in this case is not appropriate.

The *Night Clubs* decision did not involve an action to enforce an arbitration agreement. Thus, even if this case were to meet all three *Younger* criteria for abstention, the precedent set forth in *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.* remains: a federal court may not abstain from exercising jurisdiction over a petition to compel arbitration under the Federal Arbitration Act ("FAA") in favor of underlying state court litigation barring the most exceptional circumstances. 460 U.S. 1, 103 S. Ct. 927, 74 L.Ed.2d 765 (1983) (*superceded on other grounds by* 9 U.S.C. § 16(b)(1)). Here, no such "exceptional circumstances" exist. Moreover, abstention would be difficult to justify in this case given the congressional intent reflected in 9 U.S.C. § 16. *See Olde Discount Corporation v. Tupman*, 1 F.3d 202, 213 (3d Cir. 1993). This section provides that orders compelling arbitration are not immediately appealable while orders denying motions to compel arbitration or to stay judicial proceedings pending arbitration are immediately appealable. 9 U.S.C. § 16. The importance Congress has placed on arbitration is clear. In this case, abstention under *Younger* is inappropriate because refusing to exercise jurisdiction over an action to compel arbitration would nullify Terminix's federal statutory rights under the FAA. *See Olde Discount Corp. v. Tupman*, 1 F.3d 202, 213 (3rd Cir. 1993). Thus, the Court will not abstain from exercising its jurisdiction over this case.

    B. Arbitration

The Court will now discuss the Crisels' argument that the Court should reconsider its order granting Terminix's Petition to Compel Arbitration. Terminix asserts that the Court erroneously found that Terminix's Petition to Compel Arbitration was ripe for consideration on the merits. According to Terminix, the Court erred when it concluded that the Crisels do not

dispute the existence of a valid arbitration agreement.[1]  The Crisels argue that they should be allowed to conduct discovery to establish a full factual record to support their arguments regarding the unconscionability of the arbitration clause under Arkansas law.

A written agreement to arbitrate "in any ... contract evidencing a transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  State law may be applied to a written agreement to arbitrate "if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally."  *Perry v. Thomas*, 482 U.S. 483, 492, n.9, 107 S. Ct. 2520 (1987).  Thus, state law "contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening [9 U.S.C.] § 2."  *Pleasants v. American Express Co.*, 541 F.3d 853, 857 (8th Cir. 2008) (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 686-87, 116 S. Ct. 1652 (1996)).

Here, the Crisels and Terminix have entered into a written agreement to arbitrate.  However, the Crisels dispute the validity of the arbitration agreement on grounds that the agreement is unconscionable, which is a contract defense under Arkansas law.  The Court agrees with the Crisels that its conclusion that the Crisels do not dispute the existence of a valid arbitration agreement is in error.  Thus, the Court's order was based on an erroneous fact.  In their Motion to Dismiss (Doc. 12), which the Crisels filed in response to Terminix's Petition to Compel Arbitration, the Crisels state that they are disputing the validity of the arbitration

---

[1] In its August 23, 2006 memorandum opinion, the Court stated that "[i]n their response to Terminix's petition to compel arbitration, [the] Crisel[s] do[] not dispute that they have a written contract with Terminix that contains a valid arbitration clause nor do they dispute that their claims against Terminix fall under the scope of that clause."

agreement based upon the defense of unconscionability. Moreover, at the time the Court issued its August 23, 2006 memorandum opinion, the Crisels had not yet been required to set forth their defenses in an answer because they filed a Rule 12(b) motion in lieu of an answer. Because the Crisels did dispute the validity of the arbitration agreement, the Court should have allowed the Crisels to conduct discovery on this issue before it issued its order compelling arbitration. Thus, the Court vacates its August 23, 2008 memorandum opinion (Doc. 25) and order (Doc. 26) compelling the parties to arbitration and staying the pending state court claims.

## IV. CONCLUSION

For the above stated reasons, the Crisels' Motion to Set Aside Order and to Reconsider Order is DENIED IN PART and GRANTED IN PART. The Court will not abstain from exercising its jurisdiction over this case. However, the Court will vacate its order granting Terminix's Petition to Compel Arbitration and staying the state court action. The stay in the pending state court action is hereby LIFTED. A separate order of even date, in accordance with this opinion, shall be issued

IT IS SO ORDERED, this 3d day of November, 2008.

       /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge